UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALION LAMARR DAVIS,                )
                                    )
            Petitioner,             )     Case No. 1:06-cv-320
                                    )
v.                                  )     Honorable Richard Alan Enslen
                                    )
CINDI CURTIN,                       )
                                    )
            Respondent.             )
_____)

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the Petition lacks merit on its face.

**Discussion**

I.  Factual Allegations

Petitioner is incarcerated in the Oaks Correctional Facility. He pleaded guilty in the Wayne County Circuit Court to one count of second-degree murder and one count of armed robbery. The trial court sentenced Petitioner on August 12, 2004, to imprisonment of 40 to 60 years on the murder conviction and 20 to 40 years for the robbery conviction. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's application for leave to appeal on September 15, 2005 and March 28, 2006, respectively.

In his application for habeas corpus relief, Petitioner claims that he is entitled to re-sentencing because the statutory sentencing guidelines were scored as to offense variables 5 and 7 in violation of the Sixth and Fourteenth Amendments. Petitioner received 15 points for OV5 (Psychological Injury Sustained by a Member of the Victim's Family) and 50 points for OV7 (Aggravated Physical Abuse). Petitioner contends that the factual findings by the trial court as to those offense variables enhanced the statutory sentencing guideline range from 270-450 months to 315-525 months in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

II.  Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 ("AEDPA"). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant

to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Where, as here, the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer v. Tyszkiewicz*, 255 F.3d 313, 316 (6th Cir. 2001). The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943. However, the Sixth Circuit recently has clarified that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

III.     *Blakely v. Washington*

Petitioner claims that the trial court violated his Sixth Amendment rights by scoring the sentencing guideline variables to increase the guideline range based upon facts that were not determined by the fact-finder beyond a reasonable doubt. Petitioner relies upon *Blakely*, which held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for an offense beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. 542 U.S. at 301 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).

Petitioner's reliance on *Blakely* is misplaced. *Blakely* involved a trial court's departure from the State of Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. In Michigan, the maximum sentence is not determined by the trial judge but is set by law. *See Michigan v. Drohan,* ___ N.W.2d ___, 2006 WL 1642618, at *9 (Mich. June 13, 2006); *People v. Claypool,* 684 N.W.2d 278, 286 n.14 (Mich. 2004) (citing MICH. COMP. LAWS § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines range. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The trial judge sets the minimum sentence, but can never impose a sentence greater than the statutory maximum. *Drohan,* 2006 WL 1642618, at *9; *Claypool,* 684 N.W.2d at 286 n.14. The decision in *Blakely* has no application to Petitioner's sentence because Michigan's sentencing scheme provides for indeterminate sentences. *Blakely*, 542 U.S. at 308-09. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Id.* In *Drohan*, the Michigan Supreme Court concluded that *Blakely* does not apply to Michigan's indeterminate sentencing system. *Drohan*, 2006 WL 1642618 at *10-11. Because *Blakely* does not apply to Michigan's indeterminate sentencing scheme, the trial

court's scoring of the sentencing guidelines did not violate Petitioner's Sixth Amendment rights. *See Pettiway v. Palmer*, No. 1:06-cv-132, 2006 WL 1430062, *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *George v. Burt,* No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee,* No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005). Accordingly, habeas relief is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the Petition lacks merit on its face.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under

Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>      July 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |